UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SARAH ELIZABETH TORELLI,                    Case No. 16-CV-2446 (ADM/TNL)

    Plaintiff,

v.                                          REPORT AND RECOMMENDATION

STEVEN RAYMOND JENSEN, JR.,

    Defendant.

Plaintiff Sarah Elizabeth Torelli alleges that defendant Steven Raymond Jensen, Jr. has violated the terms of his federal probation by violating myriad state laws, and she seeks to have his probation revoked. Torelli did not pay the required filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Torelli qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511

F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Torelli alleges that Jensen has repeatedly violated state law while on federal probation.  Only rarely, however, do Minnesota criminal statutes supply a private right of action.  *See, e.g.*, *Nemec v. Brown*, 184 N.W. 956 (Minn. 1921) ("[I]t will not be presumed that the Legislature, by prohibiting the act, intended to establish a substantive duty, the violation of which would create a private right of action . . . ."); *H.J., Inc. v. N'Western Bell Corp.*, 420 N.W.2d 673, 675-76 (Minn. Ct. App. 1988) (collecting cases); *cf. Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) (citing *Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999); *Doe v. Broderick*, 225 F.3d 440, 447-48 (4th Cir. 2000)).  The Court has reviewed the many Minnesota criminal statutes referenced by Torelli and finds that none of those statutes suggests a private right of action, much less a private right of action enforceable in federal court.  Enforcement of those statutes is committed to the discretion of prosecutorial authorities.  And a private citizen cannot instigate a prosecution in federal court, as Torelli intends here.  *See Anderson v. Soper*, No. 15-0055 (RMB), 2015 WL 273650, at *2 (D.N.J. Jan. 22, 2015).

Much of the conduct alleged of Jensen involves unlawful acts against Torelli, such as assault and battery.  Although Torelli cannot invoke *criminal* statutes against Jensen, she may seek either monetary recovery or injunctive relief against Jensen based on *civil* causes of action.

-2-

None of these civil causes of action are likely to arise under federal law, however, and by all appearances, both Torelli and Jensen are citizens of Minnesota.  Accordingly, this Court lacks subject-matter jurisdiction to adjudicate any such claims.[1]  *See* 28 U.S.C. §§ 1331-1332.  If Torelli is interested in pursuing these civil claims, she should do so in state court, not federal court.

Finally, although this Court recommends dismissal of Torelli's complaint, the Court will refer Torelli by separate correspondence to the Federal Bar Association ("FBA"), which has a panel of volunteer lawyers who can often assist unrepresented litigants.  The Court encourages Torelli to contact the FBA and ask that organization to help her find a lawyer with whom she can discuss possible avenues of legal relief that might be available to her.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.      This matter be SUMMARILY DISMISSED pursuant to 28 U.S.C.

        § 1915(e)(2)(B)(ii), without prejudice to Torelli's right to pursue claims based on

        the allegations in the complaint in a court of proper jurisdiction.

2.      Torelli's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: August 4, 2016                           _____s/Tony N. Leung_____
                                                Tony N. Leung
                                                United States Magistrate Judge

**NOTICE**

_____

[1]Torelli does not invoke jurisdiction based on the parties' diversity of citizenship, *see* Compl. ¶ 3.

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.